UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYON L. REDDICK,

      Plaintiff,

v.                               Case No: 8:22-cv-2540-KKM-JSS

RON DESANTIS, NICHOLAS
MALLONE, RANDALL PEPITONE,
and NICHOLAS URSITTI,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves the court to proceed *in forma pauperis*. (Motion, Dkt. 11.) Upon consideration, the undersigned recommends that the Motion be denied without prejudice and Plaintiff's Amended Complaint (Dkt. 3)[1] be dismissed without prejudice.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When considering a motion filed under section 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi*

---

[1] The court sua sponte dismissed Plaintiff's original complaint (Dkt. 1) as an impermissible shotgun pleading. (Dkt. 2.)

*Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).  "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*  As such, a court may not deny an *in forma pauperis* motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S. Postal Serv.*, No. 8:13-cv-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Further, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (citation omitted).  As such, "[t]o avoid dismissal, the 'complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)),

*petition for cert. denied*, 139 S. Ct. 807 (Jan. 7, 2019).  "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

Moreover, Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements for a complaint.  Rule 10 instructs, in relevant part, that a complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" *Id.*  In addition, Rule 8(a) requires a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a).

## ANALYSIS

Upon review of the Motion, it appears that Plaintiff may be eligible to proceed *in forma pauperis* in this case.  Nevertheless, the undersigned recommends dismissal of Plaintiff's Amended Complaint (Dkt. 3) without prejudice because it fails to properly state claims as required by the Federal Rules of Civil Procedure.  Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d

1262, 1263 (11th Cir. 1998), they must still "conform to procedure rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

Complaints that violate Rule 8(a) or Rule 10(b) are often referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). The Eleventh Circuit has identified four general categories of shotgun pleadings. *Id.* at 1320–21. The first type of shotgun pleading is a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is the complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third type of shotgun pleading is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. The last type of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

As pleaded, Plaintiff's Amended Complaint violates the third and fourth types of shotgun pleadings identified by the Eleventh Circuit. In his Amended Complaint, Plaintiff asserts violations of 42 U.S.C. § 1983 arising from his arrest by the Fort Myers Police Department on October 3, 2022 at a Sam's Food Mart in Fort Myers, Florida. (Dkt. 3 at 3–4.) Plaintiff claims that Defendants violated his rights secured by Title VI

of the Civil Rights Act of 1964; the Safe Street Act, 34 U.S.C. § 12601; 42 U.S.C. § 12131; 18 U.S.C. § 242; 18 U.S.C. § 373; and the Fourteenth Amendment to the United States Constitution.  (*Id.* at 3.)

Plaintiff brings his Amended Complaint against 11 defendants, including Florida Governor Ron DeSantis in his individual and official capacities; Carmine Marceno in his individual and official capacity as Sheriff of Lee County, Florida; Randall PePitone in his individual and official capacity as Acting Police Chief of Fort Myers, Florida; and 8 Fort Myers police officers in their individual and official capacities including Nicholas Mallone, Nicholas Ursitti, Golotic Salih, Edward Cutie, Ryan Maldonado, M. Davis, T. Hunter, and C. McDonnell.  (*Id.* at 2–3, 7–8.) However, within his statement of the claim, Plaintiff only describes the actions of Defendant Officer Mallone in making his arrest, and otherwise refers only to "unknown police Defendant," "Defendant cop," and "the Defendants officers."  (*Id.* at 4, 10.)  As such, Plaintiff's Amended Complaint fails to specify "which of the defendants are responsible for which acts or omissions, or which of the defendants the claim[s] [are] brought against."  *Weiland*, 792 F.3d at 1323.  The allegations in Plaintiff's Amended Complaint thus fail to give Defendants "fair notice of what the . . . [claims are] and the grounds upon which [they rest]," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and are insufficient to satisfy Rule 8.  *See Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (quoting *Twombly*, 550 U.S. at 555); *Veltmann v.*

*Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) (finding dismissal appropriate for pleading deficiencies when plaintiff's complaint made general allegations against all of the named defendants, making it "virtually impossible to ascertain . . . which defendant committed which alleged act").

Further, although Plaintiff brings claims against the various Defendants pursuant to Section 1983 for the violation of several different statutes and the United States Constitution, the Amended Complaint fails to separate into a different count each cause of action or claim for relief. *See Weiland*, 792 F.3d at 1322–23; *see also* Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]"). Plaintiff's Amended Complaint also fails to comply with Rule 10(b)'s requirement that his claims be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 11) be **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's Amended Complaint (Dkt. 3) be **DISMISSED** without prejudice and with leave to file a second amended complaint that complies with the Federal Rules of Civil Procedure. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least

one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted).  The undersigned recommends that the second amended complaint, if any, be due within 20 days of the date this Report and Recommendation becomes final.

3. If Plaintiff files a second amended complaint, he be directed to pay the required filing fee or file a new Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

**IT IS SO REPORTED** in Tampa, Florida, on March 22, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Unrepresented Party[2]

---

[2] To the extent Plaintiff intends to represent himself in this matter, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, or on the court's website at https://www.flmd.uscourts.gov/local-rules. If Plaintiff would like assistance in pursuing the claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at https://www.federalbartampa.org/resources/pro-bono-information/. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook.